UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmy Lawrence NANCE,
Defendant–Appellant.

No. 11–7590.

United States Court of Appeals, Fourth Circuit.

Submitted: March 29, 2012.

Decided: April 3, 2012.

Jimmy Lawrence Nance, Appellant Pro Se. Thomas Linn Eckert, Assistant Unit-

ed States Attorney, Roanoke, Virginia, for Appellee.

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Lawrence Nance seeks to appeal the district court's order treating his motion to reopen his 28 U.S.C.A. § 2255 (West Supp.2011) proceedings as a successive § 2255 motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Nance has not made the requisite showing. Accordingly, we deny Nance's motions for appointment of counsel, deny a certificate of appealability, and dismiss the appeal.

Additionally, we construe Nance's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp.2011). Nance's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*